# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:17CV-P103-JHM

WILLIAM WAYNE ADAMS                                           PLAINTIFF

v.

DAVID OSBORNE                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff William Wayne Adams initiated this *pro se* 42 U.S.C. § 1983 action. The Court entered an Order Regarding Service and Scheduling Order on January 16, 2018, directing service on Defendant (DN 6). However, service was returned unexecuted on March 21, 2018 (DN 9). Pursuant to the Court's Order Regarding Service and Scheduling Order, the Clerk of Court mailed the unexecuted summons to Plaintiff at his address of record. However, on April 19, 2018, the mailing was returned by the United States Postal Service marked "Return to Sender, Refused, Unable to Forward" (DN 10).

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency

on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff apparently no longer resides at the address he provided to the Court, and he has not advised the Court of a current address. Therefore, neither notices from this Court nor filings by Defendant in this action can be served on Plaintiff. Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: June 6, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Daviess County Attorney
4414.010

2